# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **GEORGE POOLE,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | No. 4:06CV432(CDP) |
| ) | |
| **DERIO GAMBARO, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of George Poole for leave to commence this action without payment of the required filing fee [Doc. #1]. See 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks monetary relief against defendants Derio Gambaro, Michael Lueken, Angela Silva, and Yvonne Hunter - identified as members of the City of St. Louis Board of Election Commissioners (BOEC).

Liberally construing the complaint, plaintiff states that he is a felon who has been released from confinement. He alleges that in June 2004 he went to the BOEC's offices to register to vote. Plaintiff further states that he informed the BOEC's staff that he was a felon, and that he was informed that so long as his felony conviction did not involve suffrage he could vote. Accordingly, it appears that

2

plaintiff was allowed to register and was issued a voter identification card.

Plaintiff further states that in July and August 2004 he tried to obtain an absentee ballot. Plaintiff alleges that he was denied an absentee ballot because he was a convicted felon. Plaintiff claims that he was denied his right to vote in violation of the due process clause of the fourteenth amendment.

**Discussion**

The instant complaint is identical to one previously filed by plaintiff in Poole v. Gambaro, No. 4:04CV1032(CDP) (E.D. Mo.). I dismissed the prior case under 28 U.S.C. § 1915(e)(2)(B) because it was legally frivolous. While the prior dismissal was without prejudice to the filing of a fee-paid action, the prior dismissal does have a res judicata effect on whether the instant complaint is also frivolous under § 1915(e)(2)(B). Denton, 504 U.S. at 34. That is, having previously determined that the exact same complaint was frivolous in Poole v. Gambaro, No. 4:04CV1032(CDP) (E.D. Mo.), the question of whether the instant complaint is also frivolous is already determined. The complaint, therefore, must be dismissed.

Even if the principles of res judicata did not apply, I would still dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Missouri law provides that "any citizen of the United States who is a resident of the State of Missouri and seventeen years and six months of age or older shall be entitled to register and to vote in any

3

election which is held on or after his eighteenth birthday." Mo. Rev. Stat. § 115.113.1. Missouri law further provides that:

> 2. . . . No person shall be entitled to vote:
>
> (1) While confined under sentence of imprisonment.
>
> (2) While on probation or parole after conviction of a felony, until finally discharged from such probation or parole; or
>
> (3) After conviction of a felony or misdemeanor connected with the right of suffrage.

Mo. Rev. Stat. § 115.133.2(1) - (3).

Assuming that plaintiff was qualified and entitled to both register and vote under state law, the question is whether the defendants' alleged wrongful actions - i.e., refusing to issue plaintiff an absentee ballot solely on the basis of his status as a felon - rises to the level of a due process violation.

Article 5, § 18 of the Missouri Constitution provides that, "[a]ll final decisions, findings, rules and orders of any administrative officer or body existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights, shall be subject to direct review by the courts as provide as provided by law." Mo. Const. Art. 5, § 18. Furthermore, Missouri Revised Statute § 115.223 specifically provides that "[w]henever a voter's name has been removed

4

from the registration records by an election authority, the voter may appeal the removal to the circuit court." Mo. Rev. Stat. § 115.223. Thus, whether plaintiff's claim is framed as a refusal by the BOEC to register a qualified voter or as the removal of a qualified voter from its registration list, it appears that plaintiff had an adequate remedy under state law to enforce his alleged right to vote: that is, review by the state circuit court in accordance with state law. Where, as here, plaintiff has an adequate remedy under state law to enforce his right to vote, there is no federal due process claim because the process which is due plaintiff is the remedial procedure provided by state law.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk receive and file the complaint in this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 19th day of June, 2006.

        */s/ Catherine D. Perry*
        _____
        **UNITED STATES DISTRICT JUDGE**